JNO. STOUT & OTHERS, EXECUTORS, v. VIRGINIA MOORE ET AL.

Wills—Legacy—Distribution.

> Heirs and distributees have a right to demand distribution of an estate on the happenings of a contingency contemplated by the testator, and such payment would be a liquidation of the Executor's liability on account of assets.

Descent and Distribution—Legatees' Disability.

> Executors, having the control of the funds necessary to educate a testator's children, are the sole judges of whether any of them, by habits of dissipation, would not be entitled to a distribution of assets.

APPEAL FROM WOODFORD CIRCUIT COURT.

June 8, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The testator Jno. Nut evidently contemplated that his estate should be distributed at his wife's death, or sooner, should his youngest child arrive at full age or marry, subject however to some specific directions as to the education of his children, the remaining interest of such as should become dissipated, consequently at the death of the testator's widow the legatees had a right to demand a general distribution, the adults to themselves and the minors to their guardians, and such payments would be legal liquidation of the executors liability on account of assets.

The executors, and not a commissioner or trustee of the court, was vested with the control of the funds necessary to educate the testator's children according to his directions in his will and so they were made the judges whether any of his children had acquired such habits of dissipation as to render unsafe in their hands the legacy given to them and if so dissipated they were to retain such legacy for life and pay over the profits to him or her, the time to judge of this matter by the executors must be limited to the time of general distribution for when once paid over the executors have no further control; the court therefore very properly referred all these matters to the judgment and discretion of the executors, hence the judgment is affirmed.

*Porter & Greathouse, for appellant.*